ZIEVE, BRODNAX & STEELE, LLP
Erin M. McCartney, Esq. #308803
Leslie M. Klott, Esq. #279622
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone:          (714) 848-7920
Facsimile:     (714) 908-7807
Email:          bankruptcy@zbslaw.com

Attorneys for Plaintiff, The Bank of New York Mellon FKA The Bank of New York, As Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-7

**FILED & ENTERED**

AUG 09 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

**CHANGES MADE BY COURT**

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CHUL HYUN GONG, DBA PAX AMERICA DEVELOPMENT,<br><br>Debtor.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-7,<br><br>Plaintiff,<br><br>vs.<br><br>CHUL HYUN GONG, DBA PAX AMERICA DEVELOPMENT<br><br>Defendant. | Case No.: 2:15-bk-12452-RK<br><br>Chapter 7<br><br>Adversary No.: 2:17-ap-01199-RK<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Hearing:<br>Date:       August 8 and 15, 2017<br>Time:      3:00 p.m.<br>Location: Courtroom 1675<br>              U.S. Bankruptcy Court<br>              255 East Temple St.<br>              Los Angeles, CA 90012 |

Plaintiff The Bank of New York Mellon FKA The Bank of New York As Trustee For the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-7 ("Plaintiff") submits the following Separate Statement of Uncontroverted Facts in Support of its Motion for

1

STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW

Summary Judgment under Fed. R. Civ. P. 56, made applicable under Fed. R. Bankr. P. 7056. Having reviewed the supplemental papers submitted by Plaintiff, the court determines that further oral argument is not necessary, dispenses with it, vacates the continued hearing on the motion scheduled for August 15, 2017, grants the motion, and adopts this statement of uncontroverted facts and conclusions of law as modified herein.

With respect to their motion for summary adjudication, Plaintiff seeks summary judgment or adjudication of the following issues:

(1) Plaintiff is entitled to summary judgment or adjudication on Plaintiff's causes of action for declaratory relief pursuant to Federal Rule Bankruptcy Procedure 7001(9), 11 U.S.C. §362(d) and §105(a) against the Debtor and Defendant Chul Hyun Gong dba Pax America Development ("Defendant" or "Debtor") and all other interested parties in the property located at 11034 Lower Azusa Road, El Monte, CA 91731 declaring that the automatic stay is terminated as to the underlying bankruptcy proceeding, all other pending bankruptcy proceedings and all future bankruptcy proceedings as it affects the real property located at 11034 Lower Azusa Road, El Monet 91731.

**Part A:    Statement of uncontroverted facts**

| Moving Party's Undisputed Material Facts: | Moving Party's Supporting Evidence: |
|---|---|
| 1.    On February 18, 2015, the Defendant filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code under bankruptcy case no. 2:15-bk-12452-RK. | See Petition, Docket No. 1, Case No. 2:15-bk-12452-RK |
| 2.    The Plaintiff received notice of the underlying bankruptcy proceeding on February 14, 2017 with a grant deed ("Grant Deed") | See declaration of Dalaysia Ramirez ¶16; See declaration of Kristine Sidinger ¶20; See Exhibit "18" |

| Moving Party's Undisputed Material Facts: | Moving Party's Supporting Evidence: |
|---|---|
| purporting to transfer an ownership interest in the property located at 11034 Lower Azusa Road, El Monte, CA 91731 ("Real Property") to the Defendant, Pax America Development. | |
| 3.    According to the notice, an unauthorized Grant Deed was executed and recorded by John Pak, Plaintiff's original borrower, at the Los Angeles County Recorder's office without the consent of Plaintiff and/or this Court on September 28, 2016.  The unauthorized Grant Deed purports to create a beneficial interest in the Real Property in favor of John Pak, Pax America Development *(Defendant/Debtor herein)* and Unimae.  Despite this purported transaction, Debtor did not list the property in the schedules, statements, or petition for this case. | See declaration of Dalaysia Ramirez ¶17; See declaration of Kristine Sidinger ¶20; See Exhibit "18" |
| 4.    Plaintiff's original borrower, John Pak ("Borrower"), executed and delivered a promissory Note in the original principal amount of $492,000.00 ("Note"). | See RJN Exhibit "2"; See declaration of Kristine Sidinger ¶4 |
| 5.    Plaintiff is an entity entitled to enforce the Note.  Plaintiff, directly or through an agent, has possession of the Note. | See declaration of Kristine Sidinger ¶4 |

| Moving Party's Undisputed Material Facts: | Moving Party's Supporting Evidence: |
|---|---|
| 6.     Pursuant to the Deed of Trust, all obligations of the Borrower under the Note and Deed of Trust with respect to the Loan are secured by the Property. | See RJN Exhibit "3" ; See declaration of Kristine Sidinger ¶5 |
| 7.     Plaintiff is the assignee of the Deed of Trust. | See RJN Exhibit "4"; See declaration of Kristine Sidinger ¶6 |
| 8.     Due to a default on payments under the Note, foreclosure proceedings were commenced against the Property. A Notice of Default and Election to Sell Under Deed of Trust was recorded on November 18, 2015. | See RJN Exhibits "5"; See declaration of Kristine Sidinger ¶7; See declaration of Dalaysia Ramirez ¶4 |
| 9.     The Notice of Sale was recorded on March 11, 2016 and the sale was scheduled for April 5, 2016. | See RJN Exhibit "6"; See declaration of Kristine Sidinger ¶7; See declaration of Dalaysia Ramirez ¶4 |
| 10.    The foreclosure sale has been postponed twelve (12) times related to numerous grant deeds and bankruptcy filings. | See RJN Exhibit 7; See declaration of Dalaysia Ramirez ¶5 |
| 11.    The recorded Notice of Sale originally set the foreclosure sale date for April 5, 2016. | See RJN Exhibit "6"; See declaration of Kristine Sidinger ¶11; See declaration of Dalaysia Ramirez ¶8 |

4

STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW

| Moving Party's Undisputed Material Facts: | Moving Party's Supporting Evidence: |
|---|---|
| 12.     On March 23, 2010, an unauthorized Deed of Trust and Assignment of Rents was executed and recorded by John Pak, the original borrower, at the Los Angeles County Recorder's office without the consent of Movant and/or this Court.  The unauthorized Deed of Trust with Assignment of Rents purports to create a beneficial interest in the Real property in favor of Han Kim. | See RJN Exhibit "20"; See declaration of Kristine Sidinger ¶9; See declaration of Dalaysia Ramirez ¶6 |
| 13.     On February 17, 2011, an unauthorized Deed of Trust and Assignment of Rents was executed and recorded by John Pak at the Los Angeles County Recorder's office without the consent of Movant and/or this Court.  The unauthorized Deed of Trust with Assignment of Rents purports to create a beneficial interest in the Real Property in favor of Jenny Jung Lee. | See RJN Exhibit "20"; See declaration of Kristine Sidinger ¶10; See declaration of Dalaysia Ramirez ¶7 |

| Moving Party's Undisputed Material Facts: | Moving Party's Supporting Evidence: |
|---|---|
| 14.    On April 5, 2016, the Movant discovered a bankruptcy filing from the sale endorsement report reflecting a Chapter 13 case filed on April 4, 2016 by the Debtor Chae Song Pak aka John Chae Pak, the Movant's original borrower, under case no. 2:16-bk-14287-NB.  Upon receiving this notice, Movant postponed the foreclosure sale to May 6, 2016.  The bankruptcy case was dismissed on April 20, 2016 for failure to file information. | See declaration of Kristine Sidinger ¶12; See declaration of Dalaysia Ramirez ¶9; See RJN Exhibit "8" |
| 15.    On May 4, 2016, two days before the rescheduled foreclosure sale, Movant received a fax with notice of case no. 2:16-bk-15855-ER filed on May 3, 2016 by Chae Song Pak aka John Chae Pak, Movant's original borrower.  The debtor listed an interest in the property and marked the property as "retained" on the Statement of Intention.  Upon receiving the notice, Movant postponed the foreclosure sale to June 9, 2016 and subsequently to October 3, 2016 after the bankruptcy case and the automatic stay was terminated. | See declaration of Kristine Sidinger ¶13; See declaration of Dalaysia Ramirez ¶10; See RJN Exhibit "9"; See RJN Exhibit "10" |

| Moving Party's Undisputed Material Facts: | Moving Party's Supporting Evidence: |
|---|---|
| 16.     On September 30, 2016, three days before the scheduled foreclosure sale, the Movant received notice of bankruptcy case 2:16-bk-19608-BB.  The debtor, Andrew Sun dba Sany Kyeun Sun dba Unimae, filed a pro se Chapter 7 on July 20, 2016.  The debtor's dba, Unimae, received a purported interest in the subject property via grant deed.  Despite this purported transaction, the debtor failed to list the property in the schedules, statements or petition. | See declaration of Kristine Sidinger ¶14; See declaration of Dalaysia Ramirez ¶11; See Exhibit "11"; See RJN Exhibit "12" |
| 17.     Upon receiving notice of the bankruptcy, the Movant postponed the scheduled foreclosure action.  Before the Movant was able to file a Motion for Relief, the case was dismissed on October 3, 2016.  However, before the case was closed on December 12, 2016, three (3) other motions for relief were filed and granted with in rem §362(d)(4) relief in this case. | See RJN Exhibit "12"; See RJN Exhibit "13"; See declaration of Kristine Sidinger ¶15; See declaration of Dalaysia Ramirez ¶11 |

STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW

| Moving Party's Undisputed Material Facts: | Moving Party's Supporting Evidence: |
|---|---|
| 18.     On October 14, 2016, three days before the rescheduled foreclosure sale, the Movant received notice of bankruptcy case 2:16-bk-23256-BR.  The debtor, Hee Jae Park dba Unimae, filed a pro se Chapter 7 on October 6, 2016.  The debtor's dba, Unimae, received a purported interest in the property via grant deed. Despite this purported transaction, the debtor failed to list the property in the schedules, statements or petition. | See declaration of Kristine Sidinger ¶16; See declaration of Dalaysia Ramirez ¶12; See Exhibit "14"; See RJN Exhibit "15" |
| 19.     Upon receiving notice of the bankruptcy, the Movant postponed the scheduled foreclosure sale from October 17, 2016 to October 31, 2016 and filed a motion for relief.  The motion for relief was not contested and the Court by the Honorable Barry Russell granted the Movant §362(d)(4) in rem relief.  An order was signed and entered on January 23, 2017 and recorded on January 26, 2017. | See RJN Exhibit "15"; See declaration of Kristine Sidinger ¶17; See declaration of Dalaysia Ramirez ¶13 |

| Moving Party's Undisputed Material Facts: | Moving Party's Supporting Evidence: |
|---|---|
| 20.    On January 11, 2017, the Movant received notice of bankruptcy case 2:16-bk-26969-ER.  The debtor, Frank Jeoun dba Unimae, filed a pro se Chapter 7 bankruptcy case on December 29, 2016.  The debtor's dba received a purported interest in the property via grant deed.  Despite this purported transaction, the Debtor failed to list the property in the schedules, statements or petition. | See declaration of Kristine Sidinger ¶18; See declaration of Dalaysia Ramirez ¶14; See Exhibit "16" |
| 21.    Upon receiving notice of the bankruptcy, the Movant postponed the scheduled foreclosure sale and filed a motion for relief.  The motion for relief was not contested and the Court by the Honorable Ernest Robles granted the Movant in rem relief.  Before the Movant was able to submit an order in this case, the Movant received notice of the underlying bankruptcy case no 2:15-bk-12452-RK. | See RJN Exhibit "17"; See declaration of Kristine Sidinger ¶19; See declaration of Dalaysia Ramirez ¶15; See Exhibit "18" |
| 22.    Notice of the bankruptcy case 2:15-bk-12452-RK was received on February 14, 2017, the day before the rescheduled foreclosure sale, and again stopped the Movant from proceeding with a foreclosure sale. | See declaration of Kristine Sidinger ¶20; See declaration of Dalaysia Ramirez ¶16-18; See Exhibit "18" |

Case 2:17-ap-01199-RK    Doc 20    Filed 08/09/17    Entered 08/09/17 15:24:55    Desc
Main Document    Page 10 of 15

| Moving Party's Undisputed Material Facts: | Moving Party's Supporting Evidence: |
|---|---|
| 23.     As of March 13, 2017, the Plaintiff had a total Claim in the approximate amount of $1,049,322.39 and the Defendant has failed to make over 113 payments totaling over $506,737.05. | See declaration of Kristine Sidinger ¶21; See Exhibit "19" |
| 24.     The grant deed recipients, Unimae and Pax America Development filed or are linked to 38 bankruptcy cases and/or adversary proceeding. | See RJN Exhibit "21" |

**Part B:        Conclusions of law**

1.     The Complaint is requesting relief from the automatic stay under 11 U.S.C. §362(d)(1) and §362(d)(4).  The Complaint is also requesting declaratory relief under 11 U.S.C. §362(d)(4), pursuant to §105(a), to be binding on all (1) past, (2) present and (3) future bankruptcy filings for a period of two (2) years after the date of the entry of the order if the Movant records the judgment in the real estate records unless a party in interest moves for relief from such judgment based on changes circumstances or for good cause shown, after notice and a hearing.

2.     Plaintiff has moved for summary judgment.  The court must grant summary judgment that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Federal Rule of Civil Procedure 56(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056.

10
STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW

3. The Plaintiff is entitled to relief for cause under 11 U.S.C. §362(d)(1) and (d)(4). The Plaintiff has provided sufficient evidence to support the argument that the filing of the petition in this bankruptcy case was part as a scheme intended to delay, hinder, or defraud the Plaintiff.

4. Relief under 11 U.S.C. §362(d)(4) is appropriate in this case because as of the time when the scheme was implemented by a transfer of the subject property to the debtor in an existing bankruptcy case, the debtor's filing of the petition became part of a scheme by transferor or those behind the transfer to delay, hinder, or defraud creditors. 11 U.S.C. §362(d)(4); *see also, In re Dorsey*, 476 B.R. 261, 266-270 (Bankr. C.D. Cal. 2012). The following elements necessary to obtain in rem relief under Section 362(d)(4) are present in this case:

    a. Filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involve either:

        i. Transfer of all or part ownership of, or interest in, such real property without the consent of the secured creditor or court approval; or

        ii. Multiple bankruptcy filings affecting such real property.

5. Relief under 11 U.S.C. §362(d)(4) is appropriate in this case because as of the time when the scheme was implemented, the debtor's "filing of the petition was part of a scheme [by transferor] to delay, hinder, or defraud creditors." 11 U.S.C. §362(d)(4); *see also, In re Dorsey*, 476 B.R. at 266-270. The elements necessary to obtain in rem relief under Section 362(d)(4) are present in this case.

6. The original borrower, and the Defendant's business name (or dba) of Pax America Development, are part of an extensive bad faith bankruptcy scheme intended to delay, hinder, and defraud Movant. The scheme involves transfers of interest in the real property,

including to the Defendant, and multiple bankruptcy case filings to invoke the automatic stay in those cases.

7. Plaintiff is requesting declaratory relief in reference to the subject property to terminate the automatic stay as to all past, present and future bankruptcy proceedings. A declaratory judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding and it involves an issue of law on undisputed or relatively undisputed facts. The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936). A declaratory judgment is warranted in this case as the facts are uncontroverted and a judgment would terminate the controversy.

8. "Declaratory relief is an equitable remedy distinctive in that it allows adjudication of rights and obligations on disputes regardless of whether claims for damages or injunction have arisen. 'In effect, it brings to the present a litigable controversy, which otherwise might only be tried in the future'." *In re Singh*, 457 B.R. 790, 798 (Bankr. E.D. Cal. 2011), *citing and quoting, Societe de Conditionnement en Aluminum v. Hunter Engineering Co.*, 655 F.2d 938, 943 (9th Cir. 1981).

9. A declaratory judgment would allow the Movant to proceed with its nonbankruptcy state law foreclosure action without additional delay related to the ongoing scheme designed to stop the Movant from taking any action against the subject property.

10. The original borrower and/or the Defendant's business name (or dba) will continue to use tactics to further delay the Movant from taking action against the property unless a bankruptcy court order stops this ongoing abuse of the bankruptcy system.

11. Ordinary stay relief provided for under the plain language of 11 U.S.C. §362(d)(4) was previously granted in prior related bankrup0tcy cases but is not alone sufficient in this case.

12. Pursuant to 11 U.S.C. § 362(d)(4), the order is not effective as to the cases that are utilized by the parties before the date of the order. Therefore, the parties may "hijack" or utilize any case filed by Pax America Development, Unimae or any other purported party in interest *before* the date of the order and the Movant would be forced to request relief in each prior case before taking any action.

13. The Court may grant retroactive relief annulling the automatic stay as permitted for "cause" under §362(d)(1). *In re Fjeldsted*, 293 B.R. 12, 21 (9th Cir. BAP 2003), *citing, In re Schwartz,* 954 F.2d 569, 572-573 (9th Cir. 1992). According to the Bankruptcy Appellate Panel in *Fjeldsted*, "a bankruptcy court has authority to make exception to, and to annul, the automatic stay under §362(d)." *Id.*

14. Based on the uncontroverted facts presented in this case, extraordinary equitable relief is warranted in order to allow the Movant to proceed against the property and preserve the integrity of the Bankruptcy Court and bankruptcy process.

15. Pursuant to 11 U.S.C. §105(a), this Court has the authority to grant extraordinary relief. Section 105(a) expressly states that the court may issue any order or judgment that is necessary or appropriate to carry out the provisions of this title … or to *prevent an abuse of process*." (emphasis added) 11 U.S.C. §105(a).

16. The Court has the authority to issue a ruling that is enforceable in other bankruptcy courts. The ruling of one bankruptcy court regarding the scope of the automatic stay may be binding in a case pending before a different bankruptcy court. *In re Palmdale Hills Property, LLC¸* 423 B.R. 655 (9th Cir. BAP 2009).

13
STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW

17. The facts in this case warrant "extraordinary action" to prevent an abuse of the bankruptcy process. The original borrower and/or defendants are intentionally using the bankruptcy courts to delay the Movant's efforts to foreclose.

18. This Court may declare a blanket relief order and provide extraordinary prospective and retroactive relief on any and all prior, pending or future bankruptcy proceedings pursuant to 11 U.S.C. §105(a) and §362(d). Extraordinary equitable relief is appropriate in this case as to the subject property because this bankruptcy case is the lowest-numbered case of the bankruptcy cases of debtors to whom the subject property has been transferred. The transfer of the subject property to the debtor in this bankruptcy case was made after the filing of the bankruptcy petition in this case, indicating that the transferor intended to hinder, delay or defraud the secured lender by use of the automatic stay in an existing bankruptcy case. The pattern of multiple unauthorized transfers of the subject property made to other parties (i.e. without lender's consent), including debtors in bankruptcy and debtors with business names used by multiple parties filing for bankruptcy indicates an intent to hinder, delay or defraud the secured lender, and this case is good as any other of the filed bankruptcy cases to grant the requested extraordinary equitable relief to prevent an abuse of the bankruptcy process. There is no point in having the secured lender seek relief from stay in each and every bankruptcy case to be able to enforce its nonbankruptcy law rights in light of this scheme to hinder, delay or defraud the lender by using the automatic stays in numerous bankruptcy cases to thwart the lender from exercising its legal rights. This scheme was apparently at the instigation of the borrower, who also filed his own bankruptcy case, in which the automatic stay also arose, and the only reasonable explanation for the multiple transfers of the subject property were to hinder, delay or defraud the secured lender, apparently at the borrower's behest, and this scheme is an abuse of the bankruptcy process.

19. Based on the above statement of uncontroverted facts, Plaintiff has met the burden of demonstrating as the party moving for summary judgment that there is no genuine issue of material fact, and based on these conclusions of law, Plaintiff has shown that it is entitled to judgment as a matter of law, and therefore, Plaintiff's motion for summary judgment will be granted.

IT IS SO ORDERED.                ###

Date: August 9, 2017

_____
Robert Kwan
United States Bankruptcy Judge